Mr. Danny Shameer Arkansas Democrat Gazette Capitol Scott P.O. Box 2221 Little Rock, Arkansas 72203-2221
Dear Mr. Shameer:
This is in response to you request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the Little Rock School District's refusal to grant access to the following records violates the Arkansas "Freedom of Information Act," ("FOIA"), (A.C.A. § 25-19-101—107):
 1. Letter from Mac Bernd to John L. Hickman Jr., dated April 9, 1993;
 2. Letter from Mac Bernd to John L. Hickman Jr., dated April 15, 1993; and
 3. Letter from Mac Bernd to John L. Hickman Jr., dated April 23, 1993.
You have enclosed a copy of a letter from Estelle Matthis, Interim Superintendent of the District, denying access to the records. The reason given for the denial is that the records are "personnel records," the disclosure of which would constitute a "clearly unwarranted invasion of personal privacy" under A.C.A. §25-19-105(b)(10). The letter also indicates that the letters are not "employee evaluation or job performance records" for purposes of the A.C.A. § 25-19-105(c)(1) exception.
I have not been provided with the records in question. I therefore am unable to determine, as a factual matter, whether the records are "personnel records" the disclosure of which would constitute a "clearly unwarranted invasion of personal privacy." The types of records which would generally fall within this description are discussed in Op. Att'y Gen. 93-185 (copy enclosed). To the extent the requested records fit this description, the portions which would constitute a "clearly unwarranted invasion of personal privacy" should be excised and the remainder of the records made available for inspection and copying. See again Op. 93-185.
In addition, not having reviewed the records, I am unable to determine whether they would constitute "employee evaluation or job performance records," such that they would be subject to disclosure upon final administrative resolution of a suspension or termination proceeding, where the records formed a basis for the suspension or termination, and where a compelling public interest in their disclosure exists. This office has opined that these records are ones which "detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents." See Op. Att'y. Gen. No. 92-191. It appears from the letter of Ms. Matthis attached to your request that there has been a "final administrative resolution" of the suspension proceeding of former Superintendent John L. Hickman. If the records in question are "employee evaluation or job performance records," and formed a basis for the decision to suspend, and there is a compelling public interest in their disclosure, the records would be subject to inspection and copying under the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure